**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID PARKER and BIG BIRD HOLDINGS, LLC, | No. 15-55995<br>15-56189 |
| Plaintiffs-Appellees, | |
| v. | D.C. No.<br>8:12-cv-01994-DOC-AN |
| ALEXANDER MARINE CO., LTD. and OCEAN ALEXANDER MARINE YACHT SALES, INC., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 14, 2017
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Appellant Alexander Marine Co. custom built the Jelly Bean II, a 98-foot

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

yacht, for Appellee David Parker. After Alexander Marine declined to pay for repairs to the yacht allegedly necessitated by manufacturing defects, Parker and Appellee Big Bird Holdings brought suit for breach of express and implied warranties. Alexander Marine appeals the judgment entered against it following a jury verdict. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. Alexander Marine argues that Parker and Big Bird both lacked statutory standing to sue under California's Song-Beverly Consumer Warranty Act, California Civil Code § 1790 *et seq*. Alexander Marine did not raise this argument as to Parker until its renewed motion for judgment as a matter of law, and it never raised it as to Big Bird in the district court. The district court therefore did not abuse its discretion in finding these arguments waived. *See* Fed. R. Civ. P. 12(h)(2), 50; *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1029 (9th Cir. 2003) ("Federal Rule of Civil Procedure 50 requires that a motion for JMOL be made at the close of all the evidence in order to be renewed following entry of judgment. This Court strictly applies the rule that Rule 50 allows complete waiver if an objection is not properly made."); *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 900 (9th Cir. 2000) (holding the district court did not abuse its discretion "in excluding any nonjurisdictional issues of standing

not designated for trial in the pretrial order").[1]

2. The district court also did not abuse its discretion in finding that Alexander Marine waived its argument that the express warranty was void as a matter of law based on Gambol's work before Alexander Marine was notified of the claim. This argument also was first raised in Alexander Marine's renewed motion for judgment as a matter of law. *See Wallace v. City of San Diego*, 479 F.3d 616, 631 (9th Cir. 2007).[2]

3. Alexander Marine argues the transfer of ownership of the yacht from Parker to Big Bird voided the express warranty. But Cheuh testified that rejecting the warranty claim on the basis of transfer "is not who we [Alexander Marine] are as a company" and that "if [he] really wanted to do that, [he] would have just" said so. Thus, the jury was entitled to find that Alexander Marine waived this defense. *See Phoenix Tempe Stone Co. v. De Waard*, 20 F.2d 757, 760 (9th Cir. 1927).

4. Alexander Marine challenges the civil penalty award on the ground that

---

[1] Because the jury was entitled to find Alexander Marine liable under Song-Beverly, attorney's fees were properly awarded. *See* Cal. Civ. Code § 1794(d).

[2] Regardless, the jury was permitted to conclude that Parker did not violate the warranty based on evidence that only discovery work took place before notification; such discovery work was common in the industry; Alexander Marine had approved work done by Gambol on Parker's past warranty claims; and Cheuh did not instruct Parker to take the yacht elsewhere for repair.

3

the evidence was insufficient to show it acted willfully. To the contrary, there was ample evidence on which the jury could have made its willfulness finding. The jury was presented with evidence that Alexander Marine determined within one week, without seeing any pictures of or inspecting the yacht, that the extensive damage was all caused by a collision. Alexander Marine never sent a representative to inspect the yacht nor spoke with anyone at the boatyard in the weeks following the initial denial, despite Parker's requests. In the face of evidence that some of the damage could not have been caused by a collision, Alexander Marine continually disputed there were construction defects.

5. We reject Alexander Marine's argument that, because the jury only found it liable for breach of express warranty under the California Commercial Code and not under Song-Beverly, the Song-Beverly civil penalty was not available as a matter of law. "Any buyer of consumer goods who is damaged by a failure to comply with any obligation under [Song-Beverly] *or* under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief." Cal. Civ. Code § 1794(a) (emphasis added). "If the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty," except where the claim is "based solely on a breach of an implied warranty." *Id.* subdiv. (c). Because the "failure to comply" in subdivision (c) is defined in subdivision (a) as concerning obligations both under

4

Song-Beverly *and* other express warranties, Section 1794 makes clear that the civil penalty is available for willful violations of express warranties beyond those covered by Song-Beverly.[3]

6.   The jury heard expert testimony that the entire hull needed to be repaired solely based on the manufacturing defects (and despite any exterior collision damage).  The jury also heard that the extended keel was not built to design, and was replaced with a new keel that was a structural element of the yacht as originally intended (not repaired based on the alleged collision damage).  The warranty expressly covered structural defects, and excluded collision damage.  Because the jury found liability, and awarded damages, on the basis of that warranty, the jury necessarily found that all of the repair costs were necessitated by structural defects.[4]  That Parker also received insurance proceeds for the same harm—repair of the hull and replacement of the keel caused by manufacturing defects—was properly excluded by the collateral source rule in this tort-like action.  *See Helfend v. S. Cal. Rapid Transit Dist.*, 465 P.2d 61, 63 (Cal. 1970); *City of Salinas v. Souza & McCue Constr. Co.*, 424 P.2d 921, 926 (Cal. 1967) (in bank)

---

[3]      Alexander Marine's request for judicial notice is granted.

[4]      The jury clearly rejected, as it was permitted to do, Alexander Marine's theory that the damages were caused by a collision.  Alexander Marine put on evidence and argued this theory, including evidence that an insurance company had determined that some of the repairs were collision-related, but the jury still found liability.

("[T]he rule has [] been applied in certain instances where the claim is basically in contract, particularly where the breach has a tortious or wilful [sic] flavor.") (internal citations omitted), *overruled on other grounds by Helfend*, *supra.*

**AFFIRMED.**